NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE EUGENE LILLARD, | No.  23-35049 |
| Petitioner-Appellant, | D.C. No. 3:22-cv-00966-SB |
| v. | |
| DEWAYNE HENDRIX, Warden, FCI Sheridan, | MEMORANDUM[*] |
| Respondent-Appellee. | |

| | |
|---|---|
| AMADOR SANCHEZ MENDOZA, AKA Amador Sanchez, | No.  23-35059 |
| Petitioner-Appellant, | D.C. No. 3:22-cv-00559-SB |
| v. | |
| DEWAYNE HENDRIX, Warden, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted June 6, 2024[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision

Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

Lonnie Lillard and Amador Mendoza[1] appeal the magistrate judge's denial of the consolidated 28 U.S.C. § 2241 habeas petitions filed by current and former individuals in custody at the Federal Correctional Institution Sheridan ("FCI Sheridan") (together, "Petitioners"). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court correctly dismissed Petitioners' petitions for lack of jurisdiction because their conditions of confinement claims are not cognizable in habeas. *See Pinson v. Carvajal*, 69 F.4th 1059, 1068–69 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024). In *Pinson*, we acknowledged that there may be "circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus," but concluded that the facts alleged failed to establish that "no set of conditions exist that would cure the constitutional violations." *Id.* at 1075. The facts alleged by Petitioners here are materially indistinguishable from those alleged in *Pinson*.

The district court did not err by dismissing Petitioners' habeas petition without assessing whether Petitioners stated viable non-habeas claims in the

without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Appellants concede that Mendoza's appeal is moot because he was released from federal custody on October 20, 2023.

alternative. Petitioners repeatedly disavowed bringing non-habeas claims, argued that they need not comply with the Prison Litigation Reform Act specifically because they were bringing their claims under habeas, and relied on the Administrative Procedure Act and Declaratory Judgment Act solely as bases for granting injunctive and declaratory relief "while the petition [was] pending." Although a district court has discretion to convert a habeas petition into a civil rights action in certain circumstances, *see id.* at 1075–76, Petitioners abandon any such argument on appeal.

**AFFIRMED.**